UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIM M. CAMPOS, et al., )
                                                              )
                             Plaintiffs,     )   Case No. 2:08-cv-00748-LRH-PAL
                                                              )
vs.                                                     )   **ORDER**
                                                              )
PAUL STEEN, DOUG ANDRUS       )   (Ms/Reconsider - Dkt. #54)
DISTRIBUTING, INC., et al.,              )
                                                              )
                             Defendants.   )
_____)

    Before the court is Paul Steen's and Doug Andrus Distributing, Inc.'s Motion to Reconsider Denial of Stipulation to Extend Discovery; and Motion to Reconsider Order Severing the Third Party Complaint from the Main Action (Dkt. #54) filed December 15, 2009.  The court has considered the motion and Plaintiffs' Response (Dkt. #56).

    In a prior Order (Dkt. #51) entered December 1, 2009, the undersigned granted Defendants' Motion to Vacate the Deadline for Parties to Provide the Joint Pretrial Order (Dkt. #49) to the limited extent that the recently added third party defendants were not required to participate in and file a joint pretrial order.  The court denied the motion with respect to the primary action and gave plaintiffs and defendants until December 11, 2009 in which to file a joint pretrial order.  In a separate Order (Dkt. #52) the court considered the parties' Joint Stipulation to Extend Discovery and proposed order (Dkt. #50).  The court found that the plaintiffs and defendants had not been sufficiently diligent in pursuing discovery in this case after requesting and receiving special scheduling review and more than fourteen months in which to complete discovery.  Additionally, although the stipulation purported to stipulate to extend discovery, it was actually a request to reopen discovery as the discovery cutoff expired August 31, 2009, almost three months prior to the date the stipulation to extend and motion to vacate

the deadline for filing of the joint pretrial order were filed. The joint stipulation was submitted because defendants were granted leave to file a third party complaint, and the third party defendants filed an Answer (Dkt. #45) October 5, 2009. The parties, therefore, requested an additional two hundred ten days measured from November 16, 2009 in which to complete discovery. The court denied the parties' joint stipulation to extend discovery, finding the parties had not been sufficiently diligent in meeting the deadlines after requesting and receiving special scheduling review and an additional two extensions of the discovery cutoff and related case management deadlines. The court severed the third party complaint and counterclaims from the main action and ordered the third party plaintiffs and defendants and counterclaimants and counterdefendants to submit a proposed discovery plan and scheduling order addressing the discovery needs of the newly added parties no later than December 15, 2009.

The plaintiffs and defendants did not file the joint pretrial order on December 11, 2009 as ordered. Rather, four days after the deadline expired, defendants Steen and Doug Andrus Distributing, Inc., filed the instant motion to extend discovery and reconsider the order severing the third party complaint from the main action. The third party plaintiffs, third party defendants, counterclaimants, and counterdefendants filed a proposed Discovery Plan and Scheduling Order (Dkt. #55) on December 15, 2009 as ordered. Defendants Steen and Doug Andrus Distributing, Inc., ask the court to reconsider its order denying the joint stipulation to extend discovery and severing the third party complaint from the main action.

## BACKGROUND

The Complaint in this case was filed in state court and removed (Dkt. #1) June 10, 2008. It is a wrongful death action arising from a motor vehicle accident which occurred on June 16, 2007. The action was brought by plaintiff Kim Campos as the natural daughter and heir of decedent Rose Fiato. The complaint alleges that on the date of the accident, Rose Fiato was in a single vehicle accident while driving on U.S. 93 near the interchange with I-15. Complaint (Dkt. #1), ¶ 10. She sustained injuries and Medic West Ambulance was called to the scene. Id. She was strapped on a gurney and placed in the ambulance which was parked on the right shoulder of southbound I-15. Id.

/ / /

/ / /

1    Defendant Steen was in the course and scope of his employment with defendant Doug Andrus
2 Distributing, Inc., ("Andrus") and driving a 2006 Peterbilt truck owned by Andrus southbound on I-15
3 in the right lane next to the shoulder. Id., ¶ 11. Steen was driving in violation of federal laws regarding
4 hours of service, failed to maintain his lane, and collided with Medic West Ambulance as it was parked
5 on the shoulder. Id. The impact between the semi-truck and ambulance tore the driver's side of the
6 ambulance open and caused horrific injuries to decedent Fiato. Id. Ms. Fiato was hospitalized and later
7 died from complications of injuries sustained on the day of the accident. Id., ¶ 12. The complaint seeks
8 damages for medical, funeral, and burial expenses on behalf of the estate of Rose Fiato, damages for her
9 pain and suffering from the date of the accident until her death on October 5, 2007, general damages,
10 special damages, punitive damages, and attorneys fees and costs.

11   The defendants removed this case June 10, 2008. However, the parties did not submit a
12 proposed discovery plan and scheduling order until September 3, 2008, well over the forty-five days
13 required by LR 26-1(e). The parties requested special scheduling review and a discovery cutoff of
14 June 26, 2009, one year from the date the defendants filed their answer. The court did not approve the
15 stipulation and set the matter for hearing on September 23, 2008. At the hearing, the court canvassed
16 counsel concerning their discovery needs and indicated that the court would not approve the stipulation
17 but would grant a nine-month period in which to complete discovery, rather than the standard one
18 hundred eighty days deemed presumptively reasonable by LR 26-1(e). The court also set a status
19 conference for November 25, 2008, sixty days later, to evaluate the parties' diligence in proceeding
20 and any impediments to completion of discovery which might require adjustment of the case
21 management deadlines. A written Order (Dkt. #15) was entered which established a March 30, 2009
22 deadline to complete discovery and related case management deadlines consistent with the provisions
23 of LR 26-1(e).

24   At the November 25, 2008 hearing, the court heard representations from counsel concerning
25 their progress in completing discovery. Defense counsel represented that they had not received certain
26 medical records and anticipated additional time might be needed to complete discovery. The court
27 informed counsel that it was not inclined to adjust the discovery deadlines and that it was dissatisfied
28 / / /

1   with the progress of the parties' discovery efforts.  The court set a further status conference for
2   January 6, 2009, indicating any further requests for adjustments to the discovery plan and scheduling
3   order would be addressed.  See Minutes of Proceedings (Dkt. #19).
4     At the January 6, 2009 status conference, the court reviewed the parties' Joint Status Report
5   (Dkt. #20) and questioned counsel concerning the discovery that remained outstanding.  Counsel
6   requested an extension of the expert disclosure deadline, indicating they did not anticipate witness
7   depositions would be completed until January 27, 2009, and the deadline for disclosing expert
8   witnesses was January 29, 2009.  The court granted the request and extended the expert disclosure
9   deadline from January 29, 2009 until March 2, 2009 but did not adjust the deadline for rebuttal
10  disclosures as the parties indicated they did not anticipate retaining rebuttal experts.
11    The parties submitted a Stipulation (Dkt. #22) on February 26, 2009 to extend discovery an
12  additional one hundred eighty days because of serious health problems counsel for plaintiff experienced
13  which resulted in his hospitalization and return to work on a part-time basis.  Although the parties
14  stipulated to a one hundred eighty day extension of the discovery cutoff, the stipulation did not address
15  any adjustments to the other case management deadlines or provide the court with a proposed order as
16  required.  However, the court granted the request and entered a written Order (Dkt. #23) extending all
17  of the deadlines.  The order was explicit that any application to extend the dates set by the discovery
18  plan and scheduling order shall comply with the requirements of LR 6-1, be supported by a showing
19  of good cause, be received no later than August 11, 2009, and fully comply with the requirements of
20  LR 26-4.  As indicated, the discovery cutoff ran without any request for an extension of the discovery
21  plan and scheduling order deadlines.  It was with this procedural history that the court denied the
22  parties' Joint Stipulation to Extend Discovery (Dkt. #50), severed the third party complaint, and
23  required the plaintiffs and defendants to submit the joint pretrial order.
24    In the current motion, defendants ask the court to reconsider its Orders (Dkt. ## 51, 52),
25  asserting that there is a factual issue that is "outcome determinative" in both the main action and the
26  third party action which should be decided in one trial.  That issue, according to the defendants, is
27  whether the decedent Ms. Fiato fractured her neck in the first accident or the second accident.
28  ///

Defendants Steen and Andrus now claim that Ms. Fiato's neck was fractured in the first accident rather than the second accident. If this is true, Steen and Andrus assert they cannot be found liable for her wrongful death.

Medic West's report of this incident indicated that Ms. Fiato was placed on a gurney and was in a full spinal immobilization when Steen struck her while she was in the back of the ambulance. This information was relayed to defendants' expert Norman Kato, M.D., who opines that the first accident was responsible for her neck fracture. The Nevada Highway Patrol ("NHP") trooper, who responded to the scene about one minute before the second accident, testified that Ms. Fiato was in a full neck brace. However, three months later on April 29, 2009, defendants deposed Joshua Kinnuen, one of the responding paramedics who testified that Ms. Fiato was not in a neck brace before the second accident. As a result, the defendants filed a motion for permission to file a third party complaint approximately six weeks later on June 10, 2009 which the court granted June 18, 2009.

The third party complaint asserts negligence claims against Medic West and its paramedics, third party defendants Fraser, Kinnuen, and Wakamatsu, for not having Ms. Fiato "in fully (sic) spinal immobilization." Motion (Dkt. #54), 4:1-3. Defendants claim that they do not know what position Medic West will take concerning whether Ms. Fiato was in full spinal immobilization at the time of the second accident and/or whether it was malpractice for her not to have been placed in full spinal immobilization. Defendants do not know what the other two medics on the ambulance will testify and, therefore, want an extension of the discovery cutoff. Defendants claim that the reason for the procedural posture in this case "rests with Medic West and its employee, Mr. Wakamatsu" because neither Medic West nor Mr. Wakamatsu filed a supplemental report outlining Mr. Wakamatsu's version of the treatment of Ms. Fiato. Additionally, the defendants do not know whether Mr. Fraser or Mr. Kinnuen will corroborate Mr. Wakamatsu's version of the treatment Ms. Fiato received. Defendants point out that the parties have settled the claims of plaintiff John Fiato and Barbara Beaucage, that the plaintiffs and defendants have stipulated Steen was negligent for failing to maintain his tractor-trailer, and that the plaintiffs have dismissed their claims which do not relate to Steen's driving. Defendants also claim the parties have diligently conducted discovery in this matter.

/ / /

1    The plaintiffs oppose the motion and request that the court deny the request for reconsideration of the stipulation to extend discovery and the order severing the third party complaint from the main action. Plaintiffs assert that the defendants have shifted theories throughout this case and have had more than enough time to complete discovery. Defendants originally claimed the Medic West ambulance was merging from the shoulder to the right lane when the ambulance hit the tractor-trailer. Defendants later abandoned their claim that the ambulance was moving at the time of the second accident and instead claimed that the ambulance was parked in the right lane which caused Steen to hit it. Defendants abandoned this claim in exchange for plaintiffs dismissing their punitive damage claim and have stipulated to liability and admitted that Steen was one hundred percent at fault for the accident. Although defendants admitted fault, they disputed causation, claiming that the first incident caused the injuries which resulted in her death. However, after Joshua Kinnuen's deposition was taken, defendants' expert, Dr. Kato, changed his opinion concerning causation and drafted a June 1, 2009 affidavit opining that if a cervical collar and spine backboard had been placed on Ms. Fiato after the first accident and before the second accident, "the Type III odontoid fracture would not have occurred." Defendants now blame the paramedics for this fracture for breaching the standard of care for not placing Ms. Fiato in a cervical collar and spinal backboard after the first accident.

Counsel for plaintiffs argues that Dr. Kato's affidavit establishes that the Steen accident caused the neck fracture and Ms. Fiato's death. Thus, the only issue which may require further discovery is whether the defendants can recover any portion of the judgment against Medic West and/or its paramedics, and the court has correctly severed the third party complaint.

Plaintiffs claim that the defendants have conducted discovery on the issue of which accident caused the fracture and that defendants' expert has opined to a reasonable degree of medical certainty that the Steen accident caused the fracture. Plaintiffs also argue that the defendants unduly delayed seeking leave to file their third party complaint and elected to limit the discovery they conducted. Counsel for plaintiff represents that after the court denied the parties' joint stipulation to extend the deadlines, he approached defense counsel and offered to allow depositions to be taken if defendants would agree to allow plaintiffs to disclose an expert doctor. Defendants refused and informed counsel

///

for plaintiffs that defendants intended to file a motion *in limine* to prevent plaintiffs' expert from testifying. Plaintiffs intended to disclose one medical expert rather than call all of the decedent's treating physicians. However, as defendants were unwilling to agree, plaintiffs are prepared to try this case without the additional expert. Plaintiffs emphasize that they did not sue Medic West and its three paramedics and believe the third party complaint is frivolous and filed only because defendants' causation theory was destroyed by Mr. Kinnuen's testimony. Plaintiffs are prepared for trial and argue that any further continuance of the main action will prejudice the plaintiffs because defendants have stipulated that Steen is negligent, their own expert has now opined the second accident caused the neck fracture which resulted in Ms. Fiato's subsequent death, and all that remains is to determine damages. Plaintiffs, therefore, ask that the court deny defendants' motion to reconsider extending discovery and motion to reconsider severance of a third party complaint.

## **DISCUSSION**

From the onset of this case, the court has clearly conveyed to counsel that the court would be actively involved in case management and expected the parties to diligently seek to complete discovery within the time allowed by the court's discovery plan and scheduling order. The court denied the parties' initial discovery plan and scheduling order which requested one year to complete discovery but gave the parties nine months and set periodic status conferences, emphasizing that no adjustments to the deadlines would be allowed in the absence of diligence and good cause. The court extended the deadlines an additional one hundred eighty days even though the parties had not met the requirements of LR 26-4 because counsel for plaintiffs became ill, was hospitalized, and only able to work part time. The discovery cutoff expired August 31, 2009.

Counsel for defendants took Mr. Kinnuen's deposition April 29, 2009, four months before the expiration of the extended discovery cutoff. His testimony apparently changed defendants' causation theory of the case. Yet, defendants allowed the discovery cutoff to expire August 31, 2009 without taking the deposition of the other two paramedics or the majority of plaintiffs' treating physicians. Almost three months after the discovery cutoff, the parties submitted a stipulation to extend the deadline. However, because it was filed well after the deadline expired, it was actually a motion to reopen discovery. A motion to reopen discovery requires a showing of excusable neglect, and the court

found the parties had not shown excusable neglect for their failure to comply with the discovery plan and scheduling order deadlines when they submitted their stipulation. The current motion to reconsider denial of the stipulation does not, once again, comply with the requirements of LR 26-4. Specifically, the motion does not contain a specific description of the discovery that remains to be completed, provide the reasons why the discovery remaining was not completed within the time limits set by the discovery plan, or contain a proposed schedule for completing all remaining discovery.

In short, the court finds the defendants have not been diligent in pursuing discovery, have not shown good cause for yet another extension of the deadlines they allowed to expire before seeking an extension and have not complied with the requirements of LR 26-4. The court also finds the defendants have not complied with the court's order requiring any requests for extensions to be filed by August 11, 2009, and have not shown excusable neglect for their multiple failures. Additionally, the court finds the plaintiffs would be prejudiced by further delaying the trial of the main action. On November 17, 2009, when the defendants filed their Joint Motion to Vacate the Deadline for the Parties to Provide the Joint Pretrial Order (Dkt. #49), they advised the court that third party defendant Rex Wakamatsu recently joined the military, was unable to assist in his defense, and was not available for a deposition. Counsel for defendants advised the court that defendants understood third party defendants' counsel Jorge Ramirez (who represents all of the third party defendants) was "in the process of filing a motion to stay these proceedings pursuant to the Service Member's Relief Act." Vacating the deadline for filing the joint pretrial order, it was argued, would give Mr. Ramirez time to file the motion. More than six weeks later, no such motion has been filed. Finally, a third party complaint is not a procedural mechanism to offer alternative defendants to the plaintiffs. Plaintiffs have no claims against the third party defendants and should not be further delayed in reaching a decision on the merits of their claims against the defendants they elected to sue.

For these reasons,

**IT IS ORDERED:**

1.  Defendants' Motion to Reconsider Denial of Stipulation to Extend Discovery and Motion to Reconsider Order Severing the Third Party Complaint from the Main Action (Dkt. #54) is DENIED.

2. Plaintiffs and defendants shall submit a joint pretrial order **no later than January 19, 2010.** Failure to timely to comply with this order will result in the imposition of sanctions.

Dated this 7th day of January, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE