UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KIM M. CAMPOS, individually and as personal representative of the ESTATE OF ROSE A. FIATO | ) ) ) ) ) | 2:08-cv-00748-LRH-PAL |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| PAUL STEEN, DOUG ANDRUS DISTRIBUTING, INC., | ) ) ) | |
| Defendants. | ) ) | |

Before the court is plaintiff Kim M. Campos's ("Campos") motion for summary judgment on the issue of causation filed on January 5, 2010. Doc. #58[1]. Defendants filed an opposition on January 22, 1010. Doc. #63. Thereafter, Campos filed a reply on January 26, 2010. Doc. #65.

I.   **Facts and Background**

On June 16, 2007, Rose Fiato ("Fiato"), an eighty year old woman, was driving on a freeway when she suddenly veered into the side wall. A Medicwest ambulance was called and arrived on the scene. The paramedics placed Fiato in the ambulance which was parked on the shoulder of the road.

While the paramedics were examining Fiato, defendant Paul Steen ("Steen"), driving a

---

[1] Refers to the court's docket number.

1  tractor trailer for defendant Doug Andrus Distributing, Inc. ("Andrus"), crashed into the ambulance
2  at sixty five miles per hour. Fiato and all three paramedics were injured in the accident. Fiato was
3  taken to the hospital where she was diagnosed with a fracture to her cervical spine. Because of her
4  age and history of chronic obstructive pulmonary disease, the fracture led to pulmonary
5  complications which ultimately led to her death.
6        On June 2, 2008, Campos filed a complaint against defendants for the wrongful death of
7  Fiato. Doc. #1, Exhibit 1. Thereafter, Campos filed the present motion for summary judgment on
8  the issue of causation. Doc. #58.

9  **II.    Legal Standard**

10        Summary judgment is appropriate only when "the pleadings, depositions, answers to
11  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
12  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
13  law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together
14  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
15  to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
16  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).
17        The moving party bears the burden of informing the court of the basis for its motion, along
18  with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
19  477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party
20  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
21  find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
22  1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).
23        To successfully rebut a motion for summary judgment, the non-moving party must point to
24  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
25  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might
26

affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

It is undisputed that Fiato suffered a fracture to her cervical spine as a result of the two accidents. The issue is whether the fracture was caused by the first accident in which Fiato was solely responsible, or the second accident for which Steen and Andrus have stipulated to responsibility. Campos argues that she is entitled to judgment as a matter of law that the second accident, was the cause of the fracture which ultimately led to Fiato's death.

Under Nevada law, causation must be established through the use of medical testimony to a reasonable degree of medical probability. *See Prabhu v. Levine*, 855 P.2d 543 (Nev. 1993). Campos argues that defendants' medical expert Dr. Norman Kato ("Kato") has stated to a reasonable degree of medical probability that Fiato suffered the fracture during the second accident.

Dr. Kato was retained by defendants in response to Campos's lawsuit. In his initial report, Dr. Kato opined to a reasonable degree of medical certainty that the fracture to Fiato's cervical spine could only have occurred in the first accident. His opinion was based on the testimony of an on scene trooper, Trooper Haggstrom, and the Medicwest report. Both the report and Trooper Haggstrom stated that Fiato was in full spinal immobilization and in a neck brace at the time of the second accident. Therefore, Dr. Kato opined that the fracture could only have occurred during the first accident.

1    Subsequently, however, Dr. Kato prepared a second report, now relied upon by Campos, in
2 which he opined that, assuming that Fiato was not in full spinal immobilization, the second
3 accident could have caused the spinal fracture. Dr. Kato's second report was based on the
4 conflicting deposition testimony of Joshua Kinnunen ("Kinnunen"), one of the Medicwest
5 paramedics who responded to Fiato's original accident. Kinnunen testified that Fiato was not
6 placed in any spinal immobilization prior to the second accident and that she stated she was not
7 suffering from any spinal or neck pain as a result of the first accident.

8    Campos argues that Dr. Kato's second opinion establishes that the second accident caused
9 by defendant Steen was the cause of the fracture. However, the court finds that there are disputed
10 material issues of fact, namely, whether Fiato was placed in spinal immobilization or not. Summary
11 judgment is appropriate only when the evidence shows the absence of any genuine issue of material
12 fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

13    Further, Dr. Kato's reports provide his opinions of which accident caused the fracture based
14 solely on the assumption that Fiato was, or was not placed in spinal immobilization. His opinion
15 does not state unequivocally, as Campos claims, that the second accident caused the fracture and,
16 ultimately, Fiato's death. Accordingly, Campos is not entitled to judgment as a matter of law.

17    IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #58)
18 is DENIED.

19    IT IS SO ORDERED.
20    DATED this 5th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4