UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KIM M. CAMPOS, individually and as personal representative of the ESTATE OF ROSE A. FIATO,

    Plaintiff,

v.

PAUL STEEN, DOUG ANDRUS DISTRIBUTING, INC.,

    Defendants.

2:08-cv-00748-LRH-PAL

ORDER

Before the court is third-party defendants Medicwest Ambulance, Inc. ("Medicwest"), Ryan Fraser ("Fraser"), Rex Wakamatsu ("Wakamatsu"), and Joshua Kinnunen's ("Kinnunen") motion to stay the bifurcated proceedings filed on March 18, 2010. Doc. #73.[1] Also before the court is plaintiff Kim M. Campos's ("Campos") motion in limine to preclude defendants/third-party plaintiffs Paul Steen ("Steen") and Doug Andrus Distributing Inc. ("Andrus") from arguing the negligence of third-party defendants in her trial in the bifurcated litigation. Doc. #69.

///

///

---

[1] Refers to the court's docket number.

## I.     Facts and Background

On June 16, 2007, Rose Fiato ("Fiato"), an eighty year old woman, was driving on a freeway when she suddenly veered into the side wall. A Medicwest ambulance was called and arrived on the scene. The paramedics placed Fiato in an ambulance parked on the shoulder.

While the paramedics were examining Fiato, defendant Steen, driving a tractor trailer for defendant Andrus, crashed into the ambulance. Fiato and all three paramedics were injured in the accident. Fiato was taken to the hospital where she was diagnosed with a fracture to her cervical spine. Because of her age and history of chronic obstructive pulmonary disease, the fracture led to pulmonary complications and ultimately her death.

On June 2, 2008, Campos filed a complaint against defendants for wrongful death. Doc. #1, Exhibit 1. In response, on June 24, 2009, defendants/third-party plaintiffs filed a third-party complaint for contribution and medical negligence against Medicwest and the three on-scene paramedics, Fraser, Wakamatsu, and Kinnunen. Doc. #28.

On December 2, 2009, the court severed the third-party complaint from Campos's complaint and separated the action into two trials. Doc. #52. Thereafter, third-party defendants filed the present motion to stay pursuant to 50 U.S.C. § 522. Doc. #73.

## II.    Motion to Stay

The Servicemember's Civil Relief Act ("SCRA"), found at 50 U.S.C. § 521 *et seq.*, states that a district court may stay any civil proceeding in which a party is in military service and has provided (1) a letter or other communication establishing that the servicemember's military duty materially affects their ability to appear, and (2) a letter or other communication from the servicemember's commanding officer stating that the servicemember's military duty prevents their appearance and that leave is not authorized at the time of the letter. 50 U.S.C. § 522(a) and (b)(2).

Here, third-party defendant Wakamatsu is currently serving in the United States Navy in San Diego, California and is undergoing intensive Navy Seal training which prevents him from

2

participating in the third-party litigation at this time.[2] While Wakamatsu has not at this time produced a letter or other communication from his commanding officer regarding his leave status, the court has the ultimate discretion to grant a stay. *See Boone v. Lightner*, 319 U.S. 561, 565-69 (1943). Further, the district court's discretion to grant a stay should not be withheld on rigid procedures and rules. *Id*. (the SCRA "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation."). Accordingly, the court shall grant third-party defendants' motion to stay the proceedings until Wakamatsu can meaningfully participate in the litigation.

### III. Motion in Limine

Plaintiff Campos filed the present motion in limine seeking an order from the court precluding defendants/third-party plaintiffs from arguing the negligence of third-party defendants Medicwest and the individual paramedics in her severed action. In their opposition, defendants recognize that they are precluded from arguing third-party defendants's negligence at Campos's separate trial. *See* Doc. #72. Accordingly, Campos's motion in limine shall be granted.

IT IS THEREFORE ORDERED that third-party defendants' motion to stay (Doc. #73) is GRANTED. All third-party proceedings are STAYED pending third-party defendant Rex Wakamatsu's ability to participate in the litigation.

IT IS FURTHER ORDERED that third-party defendants shall file a motion to lift the stay once third-party defendant Rex Wakamatsu can participate in the litigation.

///
///
///

---

[2] Wakamatsu's counsel has filed a declaration attesting to only infrequent contact with Wakamatsu and Wakamatsu's inability to participate in the litigation until his training is over. *See* Doc. #76.

1 | IT IS FURTHER ORDERED that plaintiff's motion in limine (Doc. #69) is GRANTED.

2 | IT IS SO ORDERED.

3 | DATED this 11th day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE